# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RYAN MATTHEW BROWN,**

        **Plaintiff,**

  v.              CASE NO. 19-3253-SAC

**A SECOND CHANCE BAIL BONDS, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

  Plaintiff Ryan Matthew Brown, an inmate at the Sedgwick County Jail in Wichita, Kansas, brings this *pro se* civil rights action under 42 U.S.C § 1983. He proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

  Mr. Brown's complaint (ECF No. 1) takes issue with the actions of two bail bondspersons on July 26, 2018. Plaintiff names as defendants A Second Chance Bail Bonds and Dante Duncan, one of the bondsmen.

  Plaintiff alleges two employees of A Second Chance Bail Bonds arrived at his location at about 8:30 a.m. to serve him with a drug warrant. Plaintiff happened to be outside getting something out of his car when they arrived. He suspected the men were gang members and jumped into his car, locking the doors. One of the men approached and pounded on Plaintiff's car window

1

with a gun in his hand. Plaintiff put his car in reverse and hit the men's vehicle, which the other man had moved in the meantime to block him in. He maneuvered his car around the blocking vehicle. As he drove away, he heard several gun shots and realized the men were firing at his car, hitting it several times. Plaintiff then called the friends he was staying with to check on their safety and at that point learned the men were bail bondsmen.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual

allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48–49 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978)); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). "[T]he only proper defendants in a [§] 1983 claim are those who represent the state in some capacity...." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citation and internal brackets omitted). "'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Here, Plaintiff seeks to hold private actors accountable under § 1983 for the incident on July 26, 2018. Plaintiff does not plead that the defendants acted under color of state law, and their status as a bonding company and a bondsperson does not cause them to be state actors. *See United States v. Poe*, 556 F.3d 1113, 1123-24 & n.14 (10th Cir. 2009) (rejecting plaintiff's argument of a "symbiotic relationship" between bail bonds industry and law enforcement and finding a bounty hunter, who was acting out of self-interest rather than at the behest of law enforcement, was not a state actor for purposes of Fourth Amendment search and seizure, and noting that the result would be the same for the state action element of a § 1983 claim because the same test applies in both Fourth Amendment and § 1983 contexts); *Dean v. Olibas*, 129 F.3d 1001, 1006 n.4 (8th Cir. 1997) ("As a general matter, bondsmen are private citizens who interact with the state in the course of

pursuing their private interests. Their conduct is therefore not attributable to the state."). Likewise, private process servers are not generally state actors. *See Schrader v. Turner*, 338 F. App'x 761, 762 (10th Cir. 2009) (unpublished).

The exception is where the bondsperson "has acted together with or has obtained significant aid from state officials." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1992). An individual will act under color of state law if he "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980)). For instance, this Court found a bail bondsman to be a "state actor" where the bondsman and police officers worked together in an operation to apprehend the plaintiff. *See Bailey v. Kenney,* 791 F. Supp. 1511, 1523 (D. Kan. 1992). Here, there is no indication Defendants acted in a concerted manner with the police or obtained significant aid from them. Thus, the Court finds that Defendants did not act under color of state law. *See McGregor v. Shane's Bail Bonds*, No. 10-CV-2099-JWL, 2010 WL 3155635, at *15 (D. Kan. Aug. 9, 2010), *aff'd sub nom. McGregor v. Snyder*, 427 F. App'x 629 (10th Cir. 2011).

Because Plaintiff's complaint fails to sufficiently allege Defendants were acting under color of state law, this Court lacks jurisdiction over these Defendants under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim."). Plaintiff's complaint is subject to dismissal.

## IV. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be

dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**V. Motion to Appoint Counsel**

Also before the Court is Plaintiff's Motion to Appoint Counsel (ECF No. 3). Having considered the motion, the Court finds it should be denied.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Because the Court finds the complaint is subject to dismissal and the factual and legal issues are not complex, the motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **January 13, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **denied**.

**IT IS SO ORDERED.**

**DATED:  This 11th day of December, 2019, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**